# EXHIBIT 1

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
22 CVS _____

|  |  |  |
|---|---|---|
| RITA'S ANGELS 2ND CHANCE ANIMAL RESCUE & SANCTUARY INC., | ) ) ) | |
| Plaintiff, | ) ) | **COMPLAINT** |
| v. | ) ) | **(Jury Trial Requested)** |
| PETSENSE, LLC, | ) ) | |
| Defendant. | ) ) ) | |

NOW COMES Plaintiff Rita's Angels 2nd Chance Animal Rescue & Sanctuary Inc., by and through the undersigned counsel, and complaining of Defendant Petsense, LLC, and alleges and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Rita's Angels 2nd Chance Animal Rescue & Sanctuary Inc. is a North Carolina Corporation with its principal place of business located in Lee County, North Carolina.

2.    Defendant Petsense, LLC is a limited liability company organized under the laws of Delaware and headquartered in the State of Tennessee.

3.    This Court has jurisdiction over the subject matter of cause pursuant to N.C.G.S. § 7A-240.

4.    Personal jurisdiction over Defendants is conferred upon and vested in this Court pursuant to N.C.G.S. § 1-75.4 and satisfies due process minimum contacts through its contractual relationship with Plaintiff performed in the State, substantial business operations in the State, registered agent in the State, and consent to jurisdiction in prior litigation.

5.      Venue is proper pursuant to and in accordance with N.C.G.S. §1-80 as Defendant regularly conducts business in Wake County.

## FACTUAL ALLEGATIONS

6.      Plaintiff was organized in December of 2017. Plaintiff was created by Stephanie Walker, who owns Plaintiff and serves as its chief executive.

7.      Plaintiff served Lee County by pulling dogs from the local kill shelter operated by the County.

8.      Plaintiff would provide food, water, and veterinary care for the dogs with hopes of rehabilitating them or placing them for adoption.

9.      Plaintiff developed a positive relationship with other rescue organizations in the community and also a positive reputation due to the work performed.

10.     Ms. Walker performed charity work and dedicated most of her time to caring for animals. As such, Plaintiff was able to operate based solely on donations from community members.

11.     Even when Plaintiff was unable to "pull" the animals from the shelter directly, it would still provide care and support for animals maintained at the shelter and assist other organizations to pulling the animals as well as members of the public to adopt the animals.

12.     Defendant, as a pet store, sold pet supplies, offered grooming services, and hosted adoption events.

13.     Ms. Walker would shop at Defendant's Sanford location to purchase items for her personal pets as well as for Plaintiff.

14.     After Plaintiff and Defendant developed a relationship, Defendant requested Plaintiff to pull cats from the local kill shelter and give them to Defendant's adoption center since Defendant was unable to pull cats from the shelter itself.

15.     In January 2019, Plaintiff and Defendant reached an agreement by which Plaintiff would provide Defendant cats (for a price) and Defendant would care for them while the cats were in the pet store waiting for adoption. Defendant was responsible for daily care, including providing food, water, and a sanitary living space. If the cats got sick, Plaintiff would be responsible for taking the cats to the vet.

16.     In June 2019, one of Defendant's representatives contacted Plaintiff concerning health issues of kittens that Plaintiff had pulled for Defendant. Plaintiff went to Defendant's location, picked up the kittens and took them to the veterinarian hospital to receive treatment.

17.     In the meantime, one of Defendant's employees submitted a false complaint to the North Carolina Department of Agriculture, alleging that Plaintiff was an "animal flipper" and accusing Plaintiff of engaging in criminal animal neglect.

18.     An investigator from the Animal Welfare Section of the Department of Agriculture (Animal Welfare) went to Defendant's Sanford store to investigate Defendant's care for the kittens referenced in the complaint.

19.     During the course of the investigation, multiple of Defendant's employees, repeated the false allegations that Plaintiff had failed to take the kittens to the vet for care after being told on numerous occasions that they were sick and needed to be picked up.

20.     As a result of the investigation, Animal Welfare cited Defendant, not Plaintiff, and required Defendant to pay a fine. This created additional hostility in Defendant towards Plaintiff.

21.     The statements made by each of Defendant's employees were knowingly false and aimed specifically to harm Plaintiff and alleviate (unsuccessfully) any liability of Defendant for its negligent treatment of the rescued kittens.

22.     Further, as a result of the false statements made by Defendant's employees on Defendant's behalf, Ms. Walker was charged with a misdemeanor.

23.     With no supporting evidence, the district attorney eventually dropped charges against Ms. Walker without a trial.

24.     Since the June incident, Defendant's employees continued to smear Plaintiff reputation in the community by making false statements.

25.     This was done through direct communication by management to customers at the store, social media posts, and word of mouth communication outside the store as well.

26.     Upon information and belief, Defendant's employees also made false statements concerning Plaintiff to the local shelter from which Plaintiff pulled its animals. Despite not being able to pull cats from the shelter, Defendant's agents maintained a close relationship with the shelter and continued in its defamation against Ms. Walker and Plaintiff continuously after the Animal Welfare investigation.

27.     After this, and without warning, the shelter banned Plaintiff from the shelter, not permitting it to pull animals or allowing Ms. Walker to even volunteer.

28.     As Lee County's animal rescue community is small and built on trust, Defendant's lies concerning Plaintiff made to community members and other rescue organizations resulted in Plaintiff no longer being able to obtain donations, pull animals from other shelters or organizations, or even place the animals it currently had.

29.     In fact, Plaintiff still cares for and maintains animals it had since 2019 due to no one being willing to adopt those animals from it, all based on Defendant's intentional actions aimed at damaging Plaintiff.

30.     The only time Plaintiff has been able to receive new animals was in 2020 through a prior relationship of Ms. Walker, and this was with an organization near the Virginia/North Carolina line.

31.     A few months after Defendant's smear campaign, it closed its Sanford, North Carolina store.

## FIRST CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

32.     Plaintiff realleges and incorporates by reference the allegations set out in Paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33.     The acts of Defendant in making a false complaint to Animal Welfare; making false and defamatory statements to the investigator, law enforcement, the public, and the animal shelter constitute unfair and deceptive acts and practices in or affecting commerce in violation of the Unfair and Deceptive Trade Practice Act. *See* N.C.G.S. § 75-1.1.

34.     Defendant's tortious acts were performed in and affecting commerce within the meaning of N.C.G.S. § 75-1.1.

35.     Defendant's acted intentionally and with malice in smearing Plaintiff's name within the Lee County community and surrounding areas.

36.     As a direct and proximate result of Defendant violation of the Unfair and Deceptive Trade Practices Act, Plaintiff is entitled to have and recover of Competitor treble damages and attorney's fees in an amount in excess of Twenty-Five Thousand Dollars ($25,000). *See* N.C.G.S. §§ 75-16 & 75-16.1.

## SECOND CLAIM FOR RELIEF
### (Tortious Interference with a Contract)

37.  Plaintiff realleges and incorporates by reference the allegations set out in Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38.  Plaintiff and the Lee County Animal Shelter had a valid contract for Plaintiff to rescue animals from the shelter.

39.  Defendant was aware of the contract as it actually benefited from the contract.

40.  Defendant intentionally induced Lee County to not perform on the contract in seeking to persuade the County that Plaintiff abused and was negligent towards its animals.

41.  Defendant, while having personal motivation, lacked legal justification for such interference.

42.  As a direct and proximate result of Defendant's tortious interference, Plaintiff is entitled to have and recover of Defendant damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000).

## THIRD CLAIM FOR RELIEF
### (Fraud)

43.  Plaintiff realleges and incorporates by reference the allegations set out in Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44.  The statements made by Defendant to the Animal Welfare Section, law enforcement, the animal shelter, and members of the public were knowingly false and material to the investigation.

45.  These false statements were continuously repeated and made up to the date Defendant closed its Sanford location in August or September of 2019.

46.  The statements made were reasonably calculated to deceive and intended to deceive, as they were intended to shift blame from Defendant to Plaintiff.

47.     The statements did deceive law enforcement as Ms. Walker was criminally charged as a result, the shelter ceased all relations with Plaintiff, and the public ceased donating to Plaintiff or accepting Plaintiff's animals.

48.     As a direct and proximate result of Defendant's fraud, Plaintiff is entitled to have and recover of Defendant damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000).

**WHEREFORE**, Plaintiff prays unto the Court as follows:

1.     For entry of a judgment against Defendant on all claims asserted in an amount in excess of Twenty-Five Thousand Dollars ($25,000) plus post-judgment interest and attorneys' fees as allowed by law, or such other amount determined by a judge or jury;

2.     For Plaintiff's damages to be trebled pursuant to N.C.G.S. § 75-16;

3.     For an award of attorneys' fees in accordance with N.C.G.S. § 75-16.1;

4.     For a jury trial on all issues so triable; and

5.     For such other and further relief as the court deems just and proper.

Respectfully submitted, this the 23rd day of June, 2022.


**Q BYRD LAW**


/s/ Quintin D. Byrd
Quintin D. Byrd
N.C. State Bar No. 44274
9121 Anson Way, Suite 200
Raleigh, NC 27615
Tel.: (919) 964-3330
Fax: (919) 205-3322
quintin@qbyrdlaw.com
*Attorney for Plaintiff*

# STATE OF NORTH CAROLINA

_____WAKE_____ County

File No.
22CVS500025

In The General Court Of Justice
☐ District ☒ Superior Court Division

Name And Address Of Plaintiff
RITAS ANGELS 2ND CHANCE ANIMAL RESCUE AND SANCT
3205 KENDALE DRIVE

SANFORD                              NC        27332

Interpreter Needed: ☐ Spanish ☐ ASL ☐ LOTS

## CIVIL SUMMONS
☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

### VERSUS

G.S. 1A-1, Rules 3 and 4

Name Of Defendant 1
PETSENSE, LLC

Interpreter Needed: ☐ Spanish ☐ ASL ☐ LOTS

Date Original Summons Issued

Name Of Defendant 2

Interpreter Needed: ☐ Spanish ☐ ASL ☐ LOTS

Date(s) Subsequent Summons(es) Issued

## To Each Of The Defendant(s) Named Below:

Name And Address Of Defendant 1
PETSENSE, LLC
5401 VIRGINIA WAY

BRENTWOOD                          TN        37027

Name And Address Of Defendant 2

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**

**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)
Quintin DeVon Ithiel Byrd
9121 Anson Way
Suite 200
Raleigh                              NC        27615

Date Issued
06/23/2022

Time
03:29:41 PM

Signature
/s/ TONeal, Asst Clerk

Title

☐ ENDORSEMENT (ASSESS FEE)
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date Of Endorsement

Time

Signature

Title

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| | **RETURN OF SERVICE** | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid<br>$ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |